NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DALE FARPARAN,

          Plaintiff,

v.

AUTOZONERS, LLC, et al.,

          Defendants.

Civil Action No. 19-21464 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

       This matter comes before the Court upon Plaintiff Dale Farparan's ("Plaintiff") Motion to Remand. (ECF No. 3.) Defendants AutoZoners, LLC ("AutoZone"), Luz Gali,[1] Ashley Gullotta, and Joshua Hughes (collectively "Defendants") opposed. (ECF No. 5.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Plaintiff's Motion to Remand and remands the matter to the Superior Court of New Jersey.

---

[1] The Court adopts the names as pleaded in the First Amended Complaint. (*Compare* Compl., *Farparan v. AutoZone*, No. MID-L-003815-18 (N.J. Super. Ct. Law Div. June 22, 2018), Removal Notice Ex. A, ECF No. 1 at *9–17, *with* First Am. Compl. ("FAC"), *Farparan v. AutoZoners, LLC*, No. MID-L-003815-18 (N.J. Super. Ct. Law Div. July 30, 2018), Removal Notice Ex. A, ECF No. 1 at *18–26.) Page numbers preceded by an asterisk refer to the page number on the ECF header.

I.   **BACKGROUND**

On June 22, 2018, Plaintiff initiated this employment discrimination action against Defendants in the Superior Court of New Jersey, Law Division, Middlesex County. (Removal Notice ¶ 1, ECF No. 1; *see generally* Compl., *Farparan v. AutoZone*, No. MID-L-003815-18 (N.J. Super. Ct. Law Div. June 22, 2018).) Plaintiff pleads he is a resident of New Jersey. (FAC 1.) Plaintiff was employed by AutoZone from March 2014 until his termination in September 2017. (*Id.* ¶¶ 1, 18.) AutoZone is a citizen of both Nevada and Tennessee.[2] (Removal Notice ¶ 9.) Defendant Gali supervised Plaintiff during his employment at AutoZone's store in Hazlet, New Jersey. (FAC ¶¶ 2, 4.) Defendants Gullotta and Hughes managed and supervised Plaintiff's AutoZone employment district. (FAC ¶¶ 5–6.) Gali, Gullotta, and Hughes (collectively, "AutoZone Supervisors") are citizens of New Jersey. (Removal Notice ¶¶ 10–12; *see* FAC ¶¶ 4–6.)

Plaintiff's FAC alleges five counts in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §§ 10:5-1, *et seq*. (*See generally* FAC.) Specifically, Plaintiff alleges unlawful discrimination and harassment based on his sexual orientation, unlawful retaliatory conduct, unlawful termination, and that he was required to work in a hostile environment. (*Id.*)

On October 10, 2018, Defendants answered Plaintiff's FAC. (Answer, Removal Notice Ex. A, ECF No. 1 at *28–41.) The parties proceeded to discovery and continued to litigate the matter

---

[2] The sole member of AutoZoners, LLC is AutoZone Investment Corporation. (Removal Notice 9.) "[T]he citizenship of an LLC is determined by the citizenship of its members." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Defendants state that AutoZone Investment Corporation is a Nevada corporation with its principal place of business in Tennessee. (Notice of Removal ¶ 9.) As a result, AutoZoners, LLC is a citizen of both Nevada and Tennessee.

in the Superior Court for over one year. (*See generally* Superior Court Docs., Removal Notice Ex. A at *42–56; Nov. 25, 2019 Gullotta Dep., Mot. Remand Ex. 4, ECF No. 3-6.) This culminated[3] in depositions of Plaintiff and AutoZone Supervisors in November 2019, which Defendants assert "put AutoZone on notice that 'there is no reasonable basis in fact or colorable ground [to] support the claim[s] against the [AutoZone Supervisors]' and/or that Plaintiff 'has demonstrated no real intention in good faith to prosecute the action against the [AutoZone Supervisors] or seek a joint judgment.'" (Removal Notice ¶¶ 3–4 (citing *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006)).) On December 17, 2019, within thirty days of Plaintiff's deposition, Defendants removed the matter to this Court. (Removal Notice ¶ 3; *see* Pl.'s Dep., Mot. Remand Ex. 3, ECF No. 3-5.)

Defendants removed this matter pursuant to 28 U.S.C. § 1441 and assert that subject matter jurisdiction exists under 28 U.S.C. § 1332.[4] (Removal Notice ¶ 5.) Although both Plaintiff and AutoZone Supervisors are citizens of New Jersey, Defendants assert that subject matter jurisdiction exists based on a diversity of citizenship because Plaintiff fraudulently joined AutoZone Supervisors to defeat diversity. (*Id.* ¶¶ 6–7, 10–12.) Defendants also assert that removal is timely pursuant to 28 U.S.C. § 1446(c)(1) because Defendants only became aware of Plaintiff's purported bad-faith joinder after Plaintiff's deposition. (*Id.* ¶ 3.)

Plaintiff now moves to remand the case to the Superior Court of New Jersey. (Mot. Remand, ECF No. 3.) Plaintiff argues Defendants' removal was improper and untimely. (*See*

---

[3] Discovery was scheduled to conclude on February 25, 2020. (Stip. Extending Disc., Removal Notice Ex. A, ECF No. 1 at *56.)

[4] In addition to complete diversity of citizenship, for there to be subject matter jurisdiction under 28 U.S.C. § 1332 the amount in controversy must exceed $75,000, exclusive of interest and costs. Plaintiff's Complaint does not plead a specific amount in damages sought. (*See generally* FAC.) However, Defendants note Plaintiff's allegations can be read to indicate the amount in controversy exceeds $75,000, exclusive of interest and costs. (Removal Notice ¶ 13.) Plaintiff does not challenge Defendants' assertion that the amount in controversy exceeds $75,000.

*generally* Pl.'s Moving Br, ECF No. 3-1.) Plaintiff also seeks attorney's fees incurred due to the removal pursuant to 28 U.S.C. § 1447(c). (Pl.'s Moving Br. 17–19.)

## II.   LEGAL STANDARD

### A.   Subject Matter Jurisdiction

A defendant may remove a civil action filed to federal court if the federal court would have original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Where subject matter jurisdiction is based on diversity jurisdiction, each opposing party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

The removing defendant bears the burden of establishing that federal subject matter jurisdiction exists, removal was timely filed, and removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Boyer*, 913 F.2d at 111. Once the case has been removed, a district court may remand the matter to state court if the removal was procedurally defective or if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

### B.   Fraudulent Joinder

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d at 215–16. "In a suit with named defendants who are not of diverse citizenship from the plaintiff, [a] diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. A defendant is fraudulently joined when "there is no reasonable basis in fact or colorable ground supporting the claim against the

4

joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff*, 977 F.2d at 851 (internal quotation marks omitted). A claim is not colorable if it is "wholly insubstantial and frivolous." *Id.* at 852 (citation omitted).

"Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a heavy burden of persuasion." *Boyer*, 913 F.2d at 111 (internal quotation marks omitted). "In evaluating the alleged fraud, a district court must focus on the plaintiff's complaint at the time the petition for removal was filed." *Batoff*, 977 F.2d at 851 (internal quotation marks and citation omitted). "A district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111. A district court may look beyond the "pleading allegations to identify indicia of fraudulent joinder," but "must not step 'from the threshold jurisdictional issue into a decision on the merits.'" *In re Briscoe*, 448 F.3d at 219 (quoting *Boyer*, 913 F.2d at 112). "[I]nquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder." *Batoff*, 977 F.2d at 852. Therefore, a party may not be fraudulently joined even where the claims against that party may ultimately be dismissed for failure to state a claim. *Id.*

### III. **DISCUSSION**

#### A. **Defendants Fail to Demonstrate AutoZone Supervisors are Fraudulently Joined.**

Plaintiff argues that Defendants' removal was improper and untimely. (*See generally* Pl.'s Moving Br.) Plaintiff argues that AutoZone Supervisors were properly joined because of their involvement with Plaintiff's employment. (*Id.* at 1.) Plaintiff also notes that the NJLAD permits

claims against supervisors who aid and abet the alleged discrimination. (*Id.* at 11 (citing N.J. Stat. Ann. § 10:5-12).) Accordingly, Plaintiff argues he has brought a valid claim against the AutoZone Supervisors under the NJLAD. (*Id.*) Finally, Plaintiff notes that Defendants did not move for summary judgment while the matter was before the Superior Court. (*Id.* at 18.)

Defendants reiterate that removal was timely and proper because the AutoZone Supervisors, although not diverse from Plaintiff, were fraudulently joined. (Def.'s Opp'n Br. 1, ECF No. 5.) Defendants agree with Plaintiff that a "supervisor can . . . be held individually liable for discrimination if he is an aider and abettor." (*Id.* at 7.) Defendants cite Plaintiff's deposition testimony as proof that there is insufficient evidence for Plaintiff to succeed on his claims against AutoZone Supervisors. (*Id.* at 8.) Defendants argue they did not move for summary judgment in the Superior Court because moving for summary judgment prior to the close of discovery is discouraged. (*Id.* at 15.) Furthermore, Defendants argue filing any motion in the Superior Court would have delayed timely removal to this Court. (*Id.*)

Thirty years ago, the United States Court of Appeals for the Third Circuit decided *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108 (3d Cir. 1990). In that case, a diverse defendant removed a matter from state court to federal district court, asserting its employees—who were not diverse from the plaintiff—were fraudulently joined. *Boyer*, 913 F.2d at 110. The defendant did not assert that the plaintiffs falsely alleged the citizenship of the non-diverse employees. *Id.* at 111. Nor did the defendant assert that the substantive law barred a cause of action against the employees. *Id.* at 111–12. Instead, the defendant argued the district court should "pierce the pleadings to determine whether there ha[d] been a fraudulent joinder." *Id.* at 112. The district court denied a motion to remand the matter because "the [non-diverse] defendants would prevail in a motion for summary judgment for failure to state a cause of action" due to terms of a release in the parties' termination

6

agreement. *Id.* at 110. The district court later entered summary judgment for the defendant employer on the same grounds. *Id.*

On appeal, the Third Circuit held it was improper for the district court to reach the merits of the otherwise colorable claims against the non-diverse employees. *Id.* at 111–13. The court rejected the district court's piercing of the pleadings because the district court conducted an overly-searching inquiry that decided the merits of the claims against the non-diverse defendants. *Id.* at 112 (reversing because "the district court, in the guise of deciding whether the joinder was fraudulent, stepped from the threshold jurisdictional issue into a decision on the merits"); *see also id.* ("Assuming some piercing is appropriate to decide whether [the] plaintiffs have asserted a 'colorable' ground supporting the claim against the [non-diverse] defendant, that inquiry is far different from the summary judgment type inquiry made by the district court . . . .").

Here, Defendants ask the Court to do exactly what the Third Circuit has long cautioned against: engage in a summary judgment type inquiry that decides the merits of Plaintiff's claims against AutoZone Supervisors. Defendants concede that AutoZone Supervisors are not diverse from Plaintiff. (Removal Notice ¶¶ 10–12.) Defendants also concede that supervisors may "be held individually liable for discrimination" where they are "an aider and abettor pursuant to [N.J. Stat. Ann.] § 10:5-12(e) of the NJLAD." (Defs.' Opp'n Br. 7 (citing *Cicchetti v. Morris Cty. Sheriff's Office*, 194 N.J. 563, 594 (2008)).) Instead, Defendants argue that the record elicited in Plaintiff's deposition illustrates that Plaintiff's claims against AutoZone Supervisors must fail. (*Id.* at 10 (arguing that the record "simply is not sufficient to give rise to any actionable hostile work environment claim").) Defendant quotes Plaintiff's deposition at length, directs the Court to precedent concerning discrimination claims against supervisors under the NJLAD, and asks the

Court to apply the law to the record and find that Plaintiff's claims could not succeed. Defendants seek a summary judgment type inquiry. This exceeds the Court's purview.

Because Defendants premise removal upon "a merits determination which must be made by the state court," *Boyer*, 913 F.2d at 113, the Court must grant Plaintiff's Motion to Remand.

### B. Plaintiff's Request for Attorney's Fees is Denied.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court may award attorney's fees "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A court "has broad discretion and may be flexible in determining whether to require the payment of fees under [§] 1447(c)." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996).

Although Defendants' removal of the action "reflects a misunderstanding of the strict standard for evaluating a claim of fraudulent joinder," *Cardillo v. Wal-Mart Stores, Inc.*, No. 14–2879, 2014 WL 7182525, at *3 (D.N.J. Dec. 16, 2014), the Court finds that Defendants' removal was not objectively unreasonable. The Court, therefore, denies Plaintiff's request for attorney's fees.

### IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court remands the matter to the Superior Court of New Jersey. The Court denies Plaintiff's request for attorney's fees.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**